**Earnest L. HOBLEY, Rev., Appellant**

v.

**KENTUCKY FRIED CHICKEN, INC., Appellee.**

No. 04–7202.

United States Court of Appeals, District of Columbia Circuit.

Sept. 9, 2005.

Rehearing En Banc Denied Dec. 22, 2005.

Earnest L. Hobley, Washington, DC, pro se.

Eric Jay Pelton, Noel David Massie, Kienbaum Opperwall Hardy & Pelton, Birmingham, MI, for Defendant–Appellee.

Before SENTELLE, HENDERSON, and BROWN, Circuit Judges.

## JUDGMENT

PER CURIAM

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

ORDERED AND ADJUDGED that the district court's order filed October 26, 2004, in Civil Action No. 04–0492 be affirmed. Appellant's complaint alleges that appellee falsely reported him to District of Columbia authorities as the perpetrator of an alleged theft that occurred while he was employed by appellee. On appeal, he challenges the district court's conclusion that this claim is covered by an arbitration agreement. Appellant concedes, however, that he executed an arbitration agreement with appellee on May 27, 2001, when he filled out an employment application, and does not dispute that he signed another copy of the same arbitration agreement when he completed a renewed application for employment dated July 31, 2001, in connection with a promotion. The fact that appellant disputes whether he initialed an acknowledgment of the arbitration agreement is therefore immaterial.

■ The arbitration agreement provides that both appellee and appellant "agree to use confidential binding arbitration for any claims that arise" between them, including claims concerning employment and termination of employment. Appellent argues that this arbitration agreement does not cover his "false accusation" claim, which deals with post-employment conduct by appellee. Courts have held, however, that torts committed after employment ceases may be arbitrable if the claims "involve significant aspects of the employment relationship." *Morgan v. Smith Barney, Harris Upham & Co.*, 729 F.2d 1163, 1167 (8th Cir.1984); *see also Aspero v. Shearson American Express, Inc.*, 768 F.2d 106, 109 (6th Cir.1985); *Fleck v. E.F. Hutton Group, Inc.*, 891 F.2d 1047, 1051–52 (2d Cir.1989); *cf. Pearce v. E.F. Hutton Group, Inc.*, 828 F.2d 826, 832 (D.C.Cir. 1987) (branch office manager's claims concerning events that occurred during his employment arose out of his employment because the events clearly concerned allegations "about his performance as a Branch Office Manager."). Here, the district court correctly determined that appellant's false accusation claim involves "significant aspects" of his employment relationship. *See Morgan*, 729 F.2d at 1167. Any determination with respect to this claim would entail consideration of numerous facts concerning appellant's employment relationship and performance as Assistant Unit Manager. Moreover, the "federal policy favoring arbitration counsels that doubts about the intended scope of an agreement to arbitrate be resolved in favor of the arbitral process." *Pearce v. E.F. Hutton Group, Inc.*, 828 F.2d at 830 (citing *Moses H. Cone Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983)). Accordingly, appellant's claims are within the scope of the arbitration agreement.

■ Finally, because appellant did not raise arguments in the district court proceedings concerning hearsay, the alleged

illusory nature of the arbitration agreement, unconscionability, and the unequal bargaining power between the parties, he has waived such arguments on appeal. *See District of Columbia v. Air Florida, Inc.*, 750 F.2d 1077, 1084 (D.C.Cir.1984) ("issues and legal theories not asserted at the District Court level ordinarily will not be heard on appeal").

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.